IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERIC C. BURGIE,
ADC #120956                                                                                          PLAINTIFF

v.                                          4:09CV00920GTE/JTK

JIM R. HANNAH, et al.                                                                               DEFENDANTS

## ORDER

This matter is before the Court on the plaintiff's motions to amend and to compel (Doc. Nos. 35, 36). Defendants have filed a response in opposition to the motions (Doc. No. 37).

In support of his motion to amend, plaintiff asks to add previously-dismissed defendants Hannah, Corbin, Imber, Danielson, Gunter, Brown and Willis to his complaint. These defendants, who are Justices of the Arkansas Supreme Court, were dismissed by this Court on January 13, 2010, based on absolute judicial immunity. In the motion to amend, plaintiff asks to add claims of conspiracy and violation of Arkansas Civil Rights against these defendants, and also asks to assert claims against them in their "administrative capacities", as opposed to their "judicial capacities."

In their response, defendants state adding the dismissed defendants back to this lawsuit would be futile, because absolute judicial immunity still applies to the plaintiff's allegations against them.

The Court agrees with the defendants. The crux of plaintiff's claim against defendants is that they rejected appellate filings in which he sought to re-open a state court criminal appeal. The Court finds that regardless of how plaintiff describes these actions – be they as judicial or as administrative – they remain immune from liability under § 1983. In <u>Waller v. Wilson</u>, 2007 WL 4510343 (W.D.Ark.), the Court held that a complaint filed against a state judge pursuant to 42 U.S.C. § 1983 in which plaintiff alleged defendant conspired to prevent the filing of plaintiff's habeas corpus petition, should be dismissed based on absolute judicial immunity.

After noting that judges performing judicial functions enjoy absolute immunity, the Court also stated, "even if Defendant Singleton's actions were in error, malicious, or in excess of his authority, judicial immunity would still apply," citing Stump v. Sparkman, 435 U.S. 349, 356-7 (1978). In light of such, the Court will deny plaintiff's motion to amend.

In plaintiff's motion to compel, he states that a prior motion to compel was erroneously re-characterized by this Court as a request for production, and asks the Court to order defendants to compel the discovery requested of them. In their response, defendants state they have since provided plaintiff with additional responses to his interrogatories, and they continue to object to two requests as requesting legal advice.

In light of defendants' response, and plaintiff's lack of specificity concerning what he has not yet received and the reasons supporting the relevance of his requests, the Court will deny his motion. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motions to amend and to compel (Doc. Nos. 35, 36) are hereby DENIED.

IT IS SO ORDERED this 14th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE