**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ERIC C. BURGIE**                                                                                                        **PLAINTIFF**
**ADC # 120956**

**v.**                                                       **NO. 4:09-CV-00920 GTE**

**JIM R. HANNAH, et al.**                                                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment filed by Defendant Sue Newberry, the sole remaining Defendant in this action. Also pending are five motions filed by Plaintiff Eric Burgie. This Order resolves all pending motions, grants judgment as a matter of law to Defendant Newberry, and closes the case.

**I.     Procedural Background**[1]

On June 25, 2010, the sole remaining Defendant Sue Newberry filed a Motion for Summary Judgment. In an Order dated July 2, 1010,[2] this Court directed Burgie to file a response with the Court to Newberry's motion not later than July 12, 2010. On July 9, 2010, Burgie filed a Motion for More Definite Statement.[3] Therein, Burgie requested that Newberry be required to offer written documentation or evidence of her declaration that she had been directed by the Arkansas Supreme Court to reject efforts by appellants to file pleadings in closed

---

[1] The factual background is set forth, infra, at III, B.

[2] Docket entry # 47.

[3] Docket entry # 49.

1

direct criminal appeals. In an Order filed July 12, 2010,[4] this Court denied Burgie's motion, holding that it was without merit. In that same Order, the Court established a deadline of July 23, 2010, for Burgie to file his response to the pending summary judgment motion. The Court specifically advised Burgie that it would "consider the motion for summary judgment ready for decision after July 23, 2010," whether or not he submitted a response opposing the motion.

On July 13, 2010, Burgie filed a response to the summary judgment motion.[5] On July 22, 2010, Burgie filed a supplemental response opposing the motion[6] and a declaration.[7] The motion for summary judgment is therefore ripe for decision. Before taking up that dispositive motion, however, the Court wll first deal with four motions filed by Burgie.

## II.   Burgie's Motions

### A.   Motion for Extension of Time

In a motion filed July 13, 2010,[8] Burgie requests additional time to file a response to the summary judgment motion. The motion appears to have been filed before Burgie received this Court's Order entered July 12, 2010 (docket entry # 50; hereinafter, "July 12th Order"), giving him until July 23, 2010, to respond to the summary judgment motion. Also, Burgie has now responded, several times, to Newberry's motion. This motion is denied as moot.

---

[4] Docket entry # 50.

[5] Docket entry # 55.

[6] Docket entry # 62.

[7] Docket entry # 63.

[8] Docket entry # 52.

### B.   Motion for Order to Disqualify District and Magistrate Judges

On July 13, 2010, Burgie filed a motion [9] seeking to disqualify the district and magistrate judges assigned to this case. For cause, Burgie alleges that the judges assigned to his case have shown favoritism to the Arkansas Supreme Justices previously dismissed from this action based on absolute immunity. He further alleges that both the undersigned and Magistrate Kearney are prejudiced and biased against him. For cause, Burgie rehashes the motions he has lost. His stated cause for disqualification amounts to nothing more than adverse judicial rulings.

Recusal is required "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Dehghani*, 550 F.3d at 721 (quotation omitted). "Because a judge is presumed to be impartial, the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (quotation omitted). Furthermore, defendants are not "permitted to use such a plot or threat as a judge-shopping device." *In re Basciano*, 542 F.3d 950, 957 (2nd Cir. 2008), cert. denied, __U.S. __, 129 S.Ct. 1401 (2009). Judicial rulings "virtually never provide a basis for recusal." *S.E.C. v. Loving Spirit Foundation, Inc.*, 392 F.3d 486, 493 (C.A. D.C. 2004).

Burgie has failed to satisfy his burden of proving that the impartiality of the judges assigned to this case could reasonably be questioned. His motion is denied.

---

[9] Docket entry # 54.

### C.     Motions to Compel

On July 19, 2010, Burgie filed a Motion to Compel.[10]  On July 20, 2010, Burgie filed another Motion to Compel.[11]  Therein, Burgie seeks an Order compelling Defendant Newberry to answer requests for production of documents and requests for admissions.  Burgie also seeks to shorten the response period for Newberry to respond to these discovery requests.  Newberry has filed a response opposing the motions.  For cause, she states that the information sought will have no impact on her pending summary judgment motion.  Thus, Newberry argues the motions to compel should be denied and the Court should proceed to decide whether Newberry is entitled to judgment as a matter of law.

The Court agrees.  Because Burgie has failed to show that the requested discovery, if answered, would possibly provide him with a legitimate basis for opposing summary judgment, his motions are denied.

### D.     Motion for Leave to Appeal *In Forma Pauperis*

On July 30, 2010, Burgie filed a motion seeking leave to appeal without paying the required filing fee.  The motion relates to Burgie's appeal of this Court's Order filed July 12, 2010, denying Burgie's motion to clarify.  Burgie presumably will want to appeal this Order as well..

Since Judgment is being entered contemporaneously with this Order, the Court will hold Burgie's motion in abeyance to provide Burgie with the opportunity to appeal this Order. Assuming he does, the Court will treat the motion for leave to appeal *in forma pauperis* as

---

[10]  Docket entry # 56.

[11]  Docket entry # 57.

relating to all issues that Burgie wishes to appeal.

### III. Newberry's Motion for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the

5

existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### B.     Facts without Material Controversy

The following facts are admitted.

Defendant Sue Newberry is employed by the Arkansas Supreme Court as the Criminal Justice Coordinator.  Her immediate supervisor is the Chief Justice of the Arkansas Supreme Court, James Hannah.  Newberry's duties include reviewing and processing motions and other filings made by *pro se* inmates.

On January 25, 2002, Burgie appealed his 2001 criminal convictions for capital murder and aggravated burglary to the Arkansas Supreme Court.

On February 20, 2003, in a per curiam opinion, the Arkansas Supreme Court affirmed Burgie's criminal conviction. A copy of the opinion is attached to Newberry's declaration.[12]

On May 14, 2009, six years after the Arkansas Supreme Court rejected his direct criminal appeal, Burgie filed in the closed case a pleading entitled "Petitioner to Reinvest Jurisdiction in the Trial Court to Consider a Petition for Writ of Error Coram Nobis."  By per curiam Order dated June 25, 2009, the Arkansas Supreme Court denied Burgie's petition.

On July 16, 2009, Burgie filed a Motion for Reconsideration in the direct criminal appeal. By per curiam Order dated June 25, 2009, the  the Arkansas Supreme Court denied Burgie's petition.

On November 6, 2009, Burgie wrote a letter to Newberry in which he requested advice on how to seek relief from alleged errors made by the Arkansas Supreme Court in the direct criminal

---

[12] *See* Exh. A to Newberry's motion for summary judgment, docket entry # 43-1.

6

appeal. On November 10, 2009, Newberry responded to Burgie in a letter. Newberry advised Burgie that" [t]he Supreme Court will <u>not</u> permit to be filed a motion to reopen an appeal that is based solely on issues that were, or could have been, raised at trial and/or in the appeal when it was originally considered by the court."[13] Newberry also explained that any errors or omissions in the direct criminal appeal could have been addressed by the timely filing of a petition for rehearing.

Thereafter, Burgie attempted to file additional pleadings in the direct criminal appeal.[14] One of these pleadings was entitled "An [sic] Subsequent Appeal from the Circuit Court of Garland County, 18th Judicial District (East), Honorable Homer Wright, Circuit Judge." Consistent with Newberry's November 10th letter, Newberry did not file the pleadings submitted by Burgie on November 30, 2009, and on December 3, 2009.

### C. Discussion

All of Burgie's claims arise from the fact that he was not permitted to file additional pleadings in the direct criminal appeal after his July 16, 2009, motion was rejected. Burgie claims that Newberry unlawfully interfered with his constitutionally protected rights. More specifically, he claims that she violated his right of access to the courts and his right to petition the government for redress of grievances. He also contends that she conspired to deprive him of his constitutional rights.

---

[13] Newberry declaration, Exh. A to motion, at ¶ 10, and attachment 5 (emphasis in original).

[14] Burgie attempts to create an issue of fact by stating that Newberry failed to accurately describe all the motions that he included with the brief. This is not a material issue of fact.

### (1)    Sovereign Immunity

Newberry contends**,** and Burgie concedes, that his official capacity claims for money damages are barred by the doctrine of sovereign immunity.  The Eleventh Amendment to the Constitution bars suits for money damages in federal court against a state official in his or her official capacity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

### (2)    Quasi -Judicial Immunity

This Court previously dismissed Burgie's claims against the Arkansas Supreme Court justices based on absolute immunity.  Burgie proceeded with his claims against Newberry. Newberry now argues that she is entitled to absolute quasi-judicial immunity with respect to any and all remaining claims.  Newberry contends that she was performing a function that is an integral part of the judicial process  when she refused to file the pleadings submitted by Burgie on November 30, 2009, and December 3, 2009.  Newberry also contends that she was acting at the specific direction of the Arkansas Supreme Court when she did not file his pleadings.  Burgie challenges both contentions.

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," unless the clerks acted "in the clear absence of all jurisdiction."  *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (internal quotations and citations omitted).  In *Boyer*, the Eighth Circuit held that the circuit clerk's actions in signing an arrest warrant was an integral part of the judicial process. The court further noted that "'the filing of complaints and other documents is an integral part of the judicial process and [the clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such

tasks.'" *Id*. (quoting *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989)).

In her role as Criminal Justice Coordinator, Defendant Newberry works for the Arkansas Supreme Court and is supervised by Justice James Hannah, the court's Chief Judge. Her job responsibilities require her to review and process motions and other filings made by *pro se* inmates. When Newberry decides whether to file submissions tendered by litigants in cases that are closed, she is performing a task that is an integral part of the judicial process. She is therefore entitled to quasi-judicial absolute immunity in connection with her decision not to file Burgie's submissions in November and December of 2009, over six years after he lost his direct criminal appeal.

The Court rejects Burgie's argument that Newberry is not entitled to immunity because she was performing a ministerial, nondiscretionary function. This case is distinguishable from *Synder v. Nolen*, 380 F.3d 279 (7th Cir. 2004), on which Burgie relies. In the *Snyder* case, the Seventh Circuit held that the clerk's refusal to permit Snyder to file a petition for dissolution of marriage and a temporary restraining order was a ministerial act rather than a discretionary act entitled to immunity. As the Snyder court explained, the clerk's "duty under the law of Illinois to maintain the official record was purely ministerial; he had no authority to resolve disputes between parties or to make substantive determinations on the worth or merits of a filing." *Id.*, 380 F.3d. at 288.

The *Snyder* decision is factually distinguishable from the present case. Snyder was attempting to initiate a new action and submitted papers to do so in compliance with the technical requirements of the court. Burgie was not attempting to initiate a lawsuit. Instead, he was attempting to continue to litigate in a case that had been closed for over six years. Under the

9

facts and circumstances of this case, Newberry was called upon to exercise discretion to decide whether to file the pleadings.

Additionally, even if this case were not factually distinguishable from *Snyder*, it would not alter this Court's conclusion that Newberry should be granted quasi-judicial immunity. The Seventh Circuit arguably adopts a different standard than the Eighth Circuit in applying the doctrine. The court in *Synder* specifically observed that the Eighth Circuit had reached a contrary conclusion in the case of *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989). *Id.*, 380 F.3d at 287, n.7.

Newberry is also entitled to immunity for any acts taken at the direction of the Arkansas Supreme Court justices or according to court rules. *Maness v. District of Logan County-Northern Div.*, 495 F.3d 943 (8th Cir. 2007). Newberry also seeks immunity on this basis. In support, she states:

> The Arkansas Supreme Court has specifically directed my office to reject any attempt by an appellant to file a pleading in a closed direct appeal that seeks to reopen the direct appeal. This directive was made by the Court in order to promote stability within the Arkansas appellate system. Otherwise, appellants would routinely seek reopening of closed cases *ad nauseam*.

Newberry declaration, at ¶ 12.

In opposing summary judgment, Burgie argues that Newberry's statement that she was acting at the direction of the Arkansas Supreme Court justices is insufficient to prove the point. Burgie takes issue with the fact that Newberry failed to submit an affidavit from the justices or to offer any other evidentiary proof that she was in fact acting at their direction. Burgie requests that the Court delay consideration of the summary judgment motion in order to allow him time to secure additional evidence to oppose the motion. As the Court stated in its July 12th Order, it

is not necessary that all instruction given to Newberry by the Arkansas Supreme Court Justices ("Justices") be in writing.  Further, the Court rejects Burgie's contention that he should be permitted to conduct further discovery on this point, from Newberry and/or the Justices themselves.

It is undisputed that Newberry advised Burgie on November 10, 2009, of the Court's practice with regard to belated filings in closed cases.  Newberry wrote: "The Supreme Court will not permit to be filed a motion to reopen an appeal that is based solely on issues that were, or could have been, raised at trial and/or in the appeal when it was originally considered by the court."[15]  Burgie ignored this advice and submitted for filing a document entitled "An Subsequent Appeal from the Circuit Court of Garland County, 18th Judicial District (East), Honorable Homer Wright, Chief Judge."  As Newberry had told him she would, she did not file the document.

Burgie has failed to present any rational basis for questioning whether Newberry has accurately described the Arkansas Supreme Court's practices with regard to the relitigation of issues in closed appeals.  Nor has he presented any rational basis for disputing Newberry's statement that she was specifically directed by the Arkansas Supreme Court "to reject any attempt by an appellant to file a pleading in a closed direct appeal that seeks to reopen the direct appeal."[16]  Burgie attempts to create a factual dispute by contending that he must be permitted to conduct additional discovery on his issue and to test Newberry's credibility.  The Court disagrees.

---

[15] Letter to Burgie, Attachment 5 to Newberry declaration, Exhibit 1 to motion.

[16] Newberry declaration, at ¶ 12.

All courts must enact policies to deal with litigants like Burgie, who persistently attempt to file pleadings in closed cases. Burgie was given every opportunity to litigate whatever claims he wished to present in his direct criminal appeal. He was even permitted to file two pleadings six years later. Then, when the Arkansas Supreme Court, through Sue Newberry, finally said, "enough," Burgie claims that his rights were infringed upon. To prove it, Burgie asserts that he has the right to delve into the policies of the Arkansas Supreme Court, to question its Justices and the employees that carry out its policies.

The Court disagrees. The Court has found that Newberry was performing a task integral to the judicial process and that she is entitled to quasi-immunity on that basis alone. It also finds, for the reasons discussed below, that she is entitled to qualified immunity. Thus, in the context of the Court's other rulings, a dispute over whether Newberry was acting specifically at the direction of the Arkansas Supreme Court justices is immaterial.

### IV.    Qualified Immunity

Additionally, and alternatively, the Court concludes that Newberry is entitled to qualified immunity for the claims Burgie brings against her in her individual capacity.**[17]**

Qualified immunity protects state actors from civil liability so long as their alleged conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether Newberry is entitled to qualified immunity, two questions are relevant:

---

[17] This includes any and all claims arising from Newberry's refusal to file his pleadings in Burgie's closed direct criminal appeal. Burgie suggests that Newberry does not seek qualified immunity for the conspiracy claim. The Court disagrees. Newberry seeks qualified immunity for all Burgie's claims arising from Newberry's actions in refusing to file his submissions to the Arkansas Supreme Court on November 30, 2009, and December 3, 2009.

(1) whether Newberry deprived Burgie of a constitutional or statutory right; and (2) whether, assuming there was a deprivation, the right was clearly established such that a reasonable person would have realized that her actions were unlawful. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

To prevail on a claim that Newberry interfered with his right of access to the court, Burgie must prove not only that he was denied the opportunity to litigate a claim, but also that he suffered actual injury or prejudice as a result of that denial. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To prove actual injury, he must "demonstrate that a non-frivolous legal claim [was] frustrated or . . . impeded." *Id*.; See also *Johnson v. Hamilton*, 452 F.3d 967 F.3d 967, 973 (8th Cir. 2006).

Burgie has failed to show that he was pursuing a non-frivolous legal claim. He has failed to provide any cogent explanation for why, six years after his direct appeal was final, he was entitled to continue to file pleadings in the closed case. He also has failed to present any facts to permit a finding that he suffered any actual injury or prejudice. Accordingly, there is no material issue of fact in dispute regarding whether Newberry's actions infringed upon Burgie's constitutional right of access to the courts. Newberry also is entitled to qualified immunity.

### V.     Conclusion

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff Eric Burgie's Motion for Extension of Time (docket entry # 52) be, and it is hereby, DENIED as moot.

IT IS FURTHER ORDERED THAT Plaintiff Eric Burgie's Motion to Disqualify (docket entry # 54) and his Motions to Compel (docket entries # 54 and 56) be, and they are

hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiff Eric Burgie's Motion for Leave to Appeal In Forma Pauperis (docket entry # 64) be, and it is hereby, held in abeyance.

IT IS FURTHER ORDERED THAT Defendant Newberry's Motion for Summary Judgment be, and it is hereby, GRANTED.  Judgment will be entered separately.

As all claims asserted by Eric Burgie have now been resolved, the Clerk of the Court is directed to terminate this case.

IT IS SO ORDERED this   12th   day of August, 2010.

                                          /s/Garnett Thomas Eisele
                                          UNITED STATES DISTRICT JUDGE